***E-FILED - 7/3/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GENE SCHAFER,<br><br>        Plaintiff,<br><br>  vs.<br><br>BEN CURRY, et al.,<br><br>        Defendants. | No. C 08-1881 RMW (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of the California Training Facilty ("CTF"), where plaintiff was formerly housed. Plaintiff alleges that he received inadequate medical care for his foot. Plaintiff's application to proceed in forma pauperis is granted in a separate order. The court will order service of the complaint on the named defendants

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

1  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901
2  F.2d 696, 699 (9th Cir. 1988).
3       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
4  elements:  (1) that a right secured by the Constitution or laws of the United States was violated,
5  and (2) that the alleged deprivation was committed by a person acting under the color of state
6  law.  West v. Atkins, 487 U.S. 42, 48 (1988).
7  B.    Plaintiff's Claim
8       Plaintiff alleges that he broke his foot while he was incarcerated at CTF.  According to
9  plaintiff, the foot became swollen, purple and caused him a great deal of pain.  Although he
10 complained of severe pain and requested medical treatment numerous times, he was not seen by
11 a doctor for seven days, and did not receive a cast until 20 days later.
12       Liberally construed, plaintiff has stated a cognizable claim that defendants demonstrated
13 deliberate indifference to his serious medical needs in violation of his Eighth Amendment right
14 to be free from cruel and unusual punishment.  Plaintiff's allegations also state a cognizable
15 claim under state law for negligence.
16       Plaintiff also claims defendants violated his constitutional right to due process.  Plaintiff
17 has cited no authority, and this court is aware of none, that inadequate medical care implicates
18 his right to due process, however.  Such claim is therefore dismissed.
19       The court will order service of the complaint based on the cognizable claims described
20 above..

**CONCLUSION**

22    1.    Plaintiff's due process claims is DISMISSED.  Plaintiff's remaining claims are,
23 when liberally construed, cognizable.
24    2.    The clerk of the court shall issue summons and the United States Marshal shall
25 serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy
26 of this order upon: **Warden Ben Curry, Chief Medical Officer K. Sather, Registered Nurse**
27 **A. Britt, Registered Nurse J.. Anderson, Chief Medical Officer J. Chudy, Nurse Payne, and**
28

**Nurse C. Williams** at the **California Training Facility** in **Soledad, California.**[1] The clerk shall also <u>mail a courtesy copy</u> of this order and the complaint, with all attachments thereto, to the **California Attorney General's Office**.

    3.    No later than **ninety (90) days** from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint as set forth above, or notify the court that they are of the opinion that this case cannot be resolved by such a motion.

        a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.</u>**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

        a.    In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of

---

[1] Plaintiff also names other defendants whom he identifies either only by their first name or as Jane or John Doe. These defendants cannot be served until and unless plaintiff provides their full name and current location.

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due. No

1  hearing will be held on the motion unless the court so orders at a later date.

2      7.    All communications by the plaintiff with the court must be served on defendant,
3  or defendant's counsel once counsel has been designated, by mailing a true copy of the
4  document to defendant or defendant's counsel.

5      8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
6  No further court order is required before the parties may conduct discovery.

7      9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
8  and all parties informed of any change of address and must comply with the court's orders in a
9  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
10 pursuant to Federal Rule of Civil Procedure 41(b).

11      IT IS SO ORDERED.

12 DATED: __7/1/08_____        *Ronald M. Whyte*
                                    RONALD M. WHYTE
13                                  United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.08\Schaffer881srv.wpd     5